JOURNAL ENTRY AND OPINION
Defendant-appellant Ronnell Guerry appeals from his conviction for felonious assault in violation of R.C. 2903.11, with a firearm specification. The appellant pled guilty to one count of possession of drugs in violation of R.C. 2925.11. The appellant was sentenced to a five-year term of incarceration for the felonious assault, with a mandatory three-year term of incarceration for the firearm specification. The court imposed a concurrent one-year term of incarceration on the count of drug possession.
Prior to trial, the appellant filed a motion to suppress a statement given to the police regarding his disposal of the gun used to commit the felonious assault. The appellant asserted that at the time he made the statement, he had not been properly cautioned as required under Miranda v. Arizona (1966), 384 U.S. 436. At the hearing on the motion, the following evidence was adduced.
Officer Monroe Goins was one of the officers who responded to the scene and he testified regarding his investigation. On January 10, 2000, the appellant fired four shots at his close friend, Rodney Johnson. The victim had purchased sound equipment from the appellant and the two had spent the day installing it in the victim's motor vehicle. A dispute arose as to the quality of sound and the two men were unable to resolve their differences. They agreed to a physical fight in which the victim emerged the victor. The appellant returned to his motor vehicle for a period of a few minutes. The victim's cousin, William Johnson, talked to the appellant and tried to calm him. The appellant retrieved a weapon from the glove compartment, exited his vehicle, and began firing at the victim. As the victim fled, one shot struck him in the calf. The appellant returned to his vehicle and left the scene.
Officer Goins testified that after receiving the pertinent information and contacting his superior officers, he proceeded to the appellant's address. There were seven or eight officers in total who were present at the appellant's residence because a firearm was involved and there was a resultant need for safety. Upon arrival at the appellant's residence, the door was answered by an elderly woman, the appellant's grandmother. The appellant, who was in his bedroom, was given an opportunity to dress. He then was seated in the living room in the presence of all of the officers, his grandmother, and another unidentified female.
The appellant received an explanation as to why the officers were present. Officer Goins read the appellant his rights and the appellant was then handcuffed. Officer Goins informed the appellant that he had the right to remain silent; that anything he said could and would be used against him in a court of law; and, that he had a right to have an attorney present during questioning or any statements he might choose to make. After these rights were recited, the appellant nodded in the affirmative (T. 17, 25, 26). The appellant did not acknowledge his rights in any other fashion, he merely nodded. Officer Goins interpreted this nod as understanding (T. 19).
The statement made by the appellant was not directed to Officer Goins. Rather it was random, as though the appellant were addressing the room. The appellant's focus was on his grandmother and he was concerned for her well being. When Officer Goins asked the appellant the location of the firearm, the appellant responded that he had thrown it away (T. 20). The officers then tried to narrow down the location of the gun and learned that it was between 108 and 111 Superior on the south side of the street.
At the conclusion of the suppression hearing, the trial court overruled the appellant's motion and trial commenced. The jury found the appellant to be guilty of the felonious assault, but failed to reach a conclusion on the charge of drug possession. The court deferred sentencing for a few days after the trial ended.
At the sentencing the appellant was informed that the parole board could impose post-release control. The court stated that:
 When you will be placed on post-release control, there will be conditions associated with your post-release control. If you violate those conditions, the Parole Board can add an additional nine month prison penalty for the violation of those conditions.
(T. 248). After ascertaining that the appellant understood that he was subject to post-release control, the court imposed the sentence stating:
 Okay, Mr. Guerry, I note for the record that this is your first offense and that you have not served a prior prison term. However, I heard the evidence in this case and your actions show a complete reckless disregard for human life. This could have easily been a murder case. I've yet to hear an apology or hear any sign of remorse from you regarding the incident. Therefore, I feel that the minimum prison term would demean the seriousness of the offense here, and I'm going to sentence you to five years in Lorain Correctional Institute on the felonious assault plus an additional three years on the gun specification for a total of eight years.
(T. 249). At a later date the court accepted the appellant's plea of guilty to the count of drug possession and sentenced him to a one-year term of incarceration to be served concurrently with the sentence for felonious assault.
The appellant asserts three assignments of error.
The first assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS A STATEMENT SOLICITED BY POLICE OFFICERS IN VIOLATION OF HIS RIGHT TO REMAIN SILENT UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
The appellant asserts that the trial court erred in denying his motion to suppress. The appellant argues that the statement he made to the police regarding the gun used in the offense was solicited by the police without a knowing, intelligent, and voluntary waiver of hisFifth Amendment right to silence. The appellant states that he was under duress during the questioning at his residence because this was his first offense; he was concerned for his grandmother, who was present in the room; and there were seven or eight officers in the two-bedroom dwelling during the early morning hours.
The Ohio Supreme Court has held that the voluntariness of a statement to the police is legal question for a reviewing court to determine independently. State v. Keene (1998), 81 Ohio St.3d 646, citing to Beckwith v. United States (1976), 425 U.S. 341, 348. However, this court must defer to the trial court's factual findings, if those are supported by the record. Keene, supra citing to State v. Wilson (1996),74 Ohio St.3d 381, 390.
Weight of evidence and credibility of witnesses are primarily for the trier of fact, a principle applicable to suppression hearings as well as trials. State v. Treesh (2001), 90 Ohio St.3d 460, citing to State v. State v. Fanning (1982), 1 Ohio St.3d 19, 20. In Treesh, the Supreme Court reiterated that it is the trial court who must weigh the evidence and determine, where there is conflicting testimony at the suppression hearing, whether the arresting officer actually recited the Miranda warnings. Thus, while giving deference to the trial court's factual determinations, this court must determine as a matter of law if the appellant voluntarily, intelligently and knowingly made his statement to the police. The test this court must apply is one of the totality of the circumstances. State v. Ely (1996), 77 Ohio St.3d 174.
It is well established that pursuant to Miranda v. Arizona (1966),384 U.S. 436, a defendant who is subjected to custodial interrogation must be advised of his or her rights and make a knowing and intelligent waiver of those rights before statements obtained during the interrogation will be admissible. Treesh, supra. In Treesh, the Ohio Supreme Court once more set forth the applicable standard:
 The United States Supreme Court has recently reaffirmed its decision in Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, concluding that Miranda announced a constitutional rule, and that Mirandahas become embedded in routine police practice to the point where the warnings have become part of our national culture. Dickerson v. United States (2000), 530 U.S. 428, 120 S.Ct. 2326, 2336, 147 L.Ed.2d 405, 419. Accordingly, the admissibility of any statement given during custodial interrogation of a suspect depends on whether the police provided the suspect with four warnings: (1) that the suspect has the right to remain silent, (2) that anything he says can be used against him in a court of law, (3) that he has the right to the presence of an attorney, and (4) that if he cannot afford an attorney, one will be appointed for him prior to any questioning if he so desires. Id., citing Miranda, supra, 384 U.S. at 479, 86 S.Ct. at 1630, 16 L.Ed.2d at 726.
In State v. Davie (1997) 80 Ohio St.3d 311, the Supreme Court cited to North Carolina v. Butler (1979), 441 U.S. 369 for the proposition that in at least some cases, waiver can be clearly inferred from the actions and words of the person interrogated. At least one Ohio appellate court has concluded that any person of average intelligence would realize that nodding one's head negatively or affirmatively after being asked direct questions could be construed as giving an answer. State v. Stevens (April 3, 1998) Clark App. No. 16509, unreported (non-verbal admissions made by defendant during interviews conducted after arrest).
In State v. O'Linn (March 16, 2000), Cuyahoga App. No. 75815, unreported, this court considered a case where the defendant was questioned at the hospital emergency room while he was on a gurney awaiting medical treatment. This court found that in the absence of evidence that the statement was not voluntary, the trial court did not err in denying the motion to suppress.
In the case sub judice, there is no indication in the record that the appellant did not understand his Fifth Amendment rights. Conversely, after Officer Goins informed the appellant of his rights, the appellant nodded his acceptance of those rights. Applying the law as outlined above, and in light of the testimony given at the suppression hearing, it is clear that when the appellant chose to answer the question regarding the gun, he waived his rights. The trial court did not err in overruling the appellant's motion to suppress.
The appellant's first assignment of error is overruled.
The second assignment of error:
 THE TRIAL COURT ERRED IN IMPOSING A SENTENCE GREATER THAN THE SHORTEST POSSIBLE PRISON TERM, CONTRARY TO LAW.
The appellant does not assert that the trial court's sentence of five years for felonious assault was improper under the sentencing statutes. Rather, the appellant argues that the trial court abused its discretion because there is nothing on the record which justifies the imposition of a sentence which is more than twice the minimum sentence on a first-time offender.
Felonious assault is a second degree felony and pursuant to R.C.2929.14(A)(2) a prison term of two, three, four, five, six, seven or eight years may be imposed by the court. In sentencing an offender who has not previously served a prison term, the trial court must impose the shortest prison term authorized unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender. R.C. 2929.14(B).
In State v. Edmonson (1999), 86 Ohio St.3d 324, the Ohio Supreme Court held that the trial court does not have to give its reasons for imposing more than the minimum authorized sentence. The court must, however, indicate that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons. Id. The appellant court may only modify a sentence if it clearly and convincingly finds that the sentence is unsupported by the record or is contrary to law. R.C. 2953.08(G)(1)(a)(d).
Here, the trial court acknowledged on the record that the appellant had not previously served a prison term, but found that the appellant's actions indicated a complete reckless disregard for human life. The court, after first noting that the appellant failed to apologize or show any remorse, stated that the minimum sentence would demean the seriousness of the offense. The trial court complied with both the statutory requirements and the law as set forth in Edmonson, supra. Although not stated at the time of sentencing, the court heard the facts during the trial and was aware that even after a period of cooling off, the appellant repeatedly shot at a lifelong friend over a car sound system. Given the facts of the case and the fact that the court complied with the law, this court finds no clear and convincing evidence that the record does not support the imposed sentence.
The appellant's second assignment of error is overruled.
The third assignment of error:
 THE TRIAL COURT ERRED IN ITS SENTENCING THE DEFENDANT-APPELLANT WITHOUT FOLLOWING THE MANDATES OF O.R.C. 2929.19(B)(3)(e).
The appellant asserts that the trial court erred in informing the appellant that if he violated the conditions of post-release control that the parole board could impose an additional nine-months prison term. The appellant states that under R.C. 2929.19(B)(3)(e), the parole board could impose an additional four-year prison term.
R.C. 2929.19(B)(3)(e) requires the trial court to inform a defendant that if a period of post-release control is imposed by the parole board, and if the conditions of post-release control are violated, the parole board may impose a prison term up to one-half of the stated prison term originally imposed upon the offender. It is the parole board, not the trial court, which has the authority to impose post-release control pursuant to R.C. 2967.28. State v. Hlavsa (Oct. 19, 2000), Cuyahoga App. No. 77199, unreported. The parole board has significant discretion to impose conditions of release designed to protect the public and to promote the releasee's successful reintegration into the community. Woods v. Telb (2000), 89 Ohio St.3d 504.
The appellant herein was informed that he was subject to post-release control, that there would be conditions imposed, and that the parole board would determine any extension of his sentence. The trial court's only error was informing the appellant that the additional term would be only nine months. We find this error to be harmless in light of the fact that the appellant clearly knows that he is subject to post-release control and that a return to prison may be the result of any violation of the conditions.
The appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
 ______________________________ JAMES D. SWEENEY, JUDGE